## OCEAN S. S. CO. OF SAVANNAH et al. v. LAWSON et al.

### No. 6802.

Circuit Court of Appeals, Fifth Circuit.

Dec. 16, 1933.

A. R. Lawton, Jr., of Savannah, Ga., for appellants.

Walter W. Sheppard, U. S. Atty., of Savannah, Ga., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Maggie Lee obtained before the deputy commissioner an award of compensation for the death of her husband, Roosevelt Lee, who was injured while employed as a longshoreman. A bill to set the award aside was unsuccessful, and the employer appeals. The commissioner's findings of fact here important are: That Lee was injured on December 20, 1928, while working aboard ship; "that his foot was caught in a moving stage, causing a compound dislocation of the right great toe and a laceration on the right foot; that he was totally disabled from the date of the accident to January 10th, 1929, on which date he died; that this period of disability was the result of the injuries sustained; that the injuries sustained on Dec. 20, 1928, were a contributing cause of his death." Compensation was awarded for the period of disability beginning December 20, and also for the death.

One of the assignments of error is that the commissioner found only that the employee's injury was a contributing cause of death, and not that death resulted from it within the meaning of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.). The Act, section 2 (11 and 2), 33 USCA § 902 (11 and 2), states: " 'Death' as a basis for a right to compensation means only death resulting from an injury," and "The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury. * * *" The evidence shows that the death was not the direct result of the injury but of a tetanus infection which manifested itself at Sanford, Fla., on January 3d, when Lee's foot was found unbandaged and in a colored sock and infected. It had been properly treated at a Savannah hospital until December 28th, and it was clean and apparently healing when he left for Florida on December 30th. The incubating time for tetanus is from three to twenty-one days. The main disputable fact before the commissioner was whether the infection which killed him resulted naturally or unavoidably from his injury or was caused by his own mistreatment and exposure of his wound. We do not think the findings of the commissioner answer this question, and by consequence they do not establish a case for a death award. By a fair construction of the statute a death caused by infection following an injury is caused by the injury if

the infection followed naturally or unavoidably; but, if the infection is not natural but extraordinary, and if it could by reasonable care have been avoided, death is not to be considered as due to the injury. The commissioner found that the maritime industrial injury caused the disability, but was only a contributing cause of the death, without any further explanation. The finding is just as consistent with the conclusion that the infection was caused by Lee's misconduct and neglect of his wound as that it came about unavoidably. The commissioner, and not the court, is to find such facts, and his conclusions, if supported by evidence, are final. Crowell v. Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598. It follows that his fact findings must be specific and be sufficient under the law to support the award. Florida v. United States, 282 U. S. 194, 51 S. Ct. 119, 75 L. Ed. 291. They are deficient here in the particular mentioned.

There is further error assigned because the commissioner awarded disability payments to commence on the date of the injury instead of seven days afterwards. Section 6 of the act (33 USCA § 906) provides: "No compensation shall be allowed for the first seven days of the disability, except the benefits provided for in section 907 of this chapter: Provided, however, That in case the injury results in disability of more than forty-nine days, the compensation shall be allowed from the date of the disability." Section 7 of the act (33 USCA § 907) relates to medical treatment only. The thought behind this provision seems to be that for a week the disabled employee should support himself from his own means, but that, if he has to do this for more than forty-nine days, the drain upon his resources would make it proper for the industry to contribute from the beginning. A death within forty-nine days is not to be considered a protraction of the disability. A separate compensation for the death is provided by section 9 of the act (33 USCA § 909), the first item of which is funeral expenses. With death, the burden of the employee's support ceases. Whether we consider the language of section 6 or the reason assigned for it, we do not think that a disability which is terminated by death within forty-nine days lasts beyond the death. Gorle v. Alfred E. Joy Co., 230 N. Y. 595, 130 N. E. 908. In the present case no compensation is allowable for the first seven days of disability.

The judgment is reversed, and the District Court is directed to afford the commissioner opportunity to perfect his findings, and then to reconsider the case.